

Jason J. Rawnsley
Director
302-651-7550
rawnsley@rlf.com

April 24, 2024

**BY CM/ECF**
The Honorable Christopher J. Burke
U.S. District Court, District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Digital Media Technology Holdings, LLC v. Disney Media & Entertainment Distribution, LLC*, C.A. No. 22-1642-CJB

Dear Magistrate Judge Burke:

Per the Court's Oral Order (D.I. 44), Defendant respectfully submits this letter brief to respond to Plaintiff's Answering Brief (D.I. 46) in opposition to Defendant's Motion for Leave (D.I. 42).

Plaintiff mischaracterizes the facts by stating that the First Amended Complaint (D.I. 20) provided notice of its assertion of claim 11 of the '725 Patent. *See* D.I. 46 at 1-2. In a patent infringement case, the patentee "needs to have pleaded facts that plausibly indicate that Defendant['s] accused products practice each of the limitations asserted in the relevant claims." *DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, No. 19-2109-LPS-CJB, 2020 WL 2220031, at *1 (D. Del. May 7, 2020). The Complaint not only fails to mention claim 11, it includes no factual allegations relevant to the limitations recited by claim 11, such as "automatically collecting sales information from exhibitor recipients …" and "providing sales and marketing data … to exhibitors based upon information from said exhibitors." D.I. 20; D.I. 20-1, 17:33-38.[1] Defendant's Motion to Dismiss analyzed dependent claims 2-10 because the Complaint's claim chart alleges facts relevant to the limitations recited by these claims, such as the type of "multimedia material" and "communication network" at issue. *See generally* D.I. 20-3. In contrast, nothing in the Complaint relates to the functionality required by claim 11. Thus, the Complaint's assertion of "at least claim 1" does not provide Defendant sufficient notice of claim 11 under the relevant pleading standard.

Plaintiff further mischaracterizes the record by asserting that Defendant's Motion to Dismiss already analyzed claim 11 of the '725 Patent. *See* D.I. 46 at 2. Defendant's Opening Brief clearly states that "[t]his motion addresses claims 1-10 of the '725 Patent," and it contains analysis for only claims 1-10. D.I. 22 at 2 n.1; *see also id.* at 14-16 (analyzing all limitations recited by each of claims 2-10). Similarly, Defendant's Reply states that "claims 11-23 are not asserted in this case." D.I. 31 at 9 n.1. While the Reply cites Plaintiff's admission that "claims 11-12 'compris[e]

---

[1] Plaintiff's April 2 letter continues to ignore these claim limitations—it addresses neither the step of "automatically collecting sales information …" nor the step of "providing sales and marketing data …" required by claim 11. *See* D.I. 47 at 1.

the same elements as claim 1 but with additional limitations'" to demonstrate that Plaintiff did not rely on claim 11 to supply a non-abstract idea or an inventive concept, it does not analyze the specific limitations recited by claim 11.  *Id.* at 9 (quoting D.I. 26 at 16).  Thus, Defendant is not seeking a second bite at the apple to argue claim 11.

Plaintiff's Answering Brief does not dispute that Defendant's Motion for Leave is timely, nor does it contend that Plaintiff would suffer any prejudice from supplemental briefing.  Given that the Court has yet to schedule oral argument for Defendant's Motion to Dismiss, Defendant respectfully requests leave to file its Supplemental Brief (D.I. 42-2).  Should Your Honor have any questions or concerns, counsel are available at the Court's convenience.

Respectfully,

*/s/ Jason J. Rawnsley*

Jason J. Rawnsley (#5379)

cc:   All Counsel of Record (via email)