# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIGITAL MEDIA TECHNOLOGY HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISNEY MEDIA & ENTERTAINMENT DISTRIBUTION LLC, <br><br> Defendant. | C.A. No. 22-1642-CJB |

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

OF COUNSEL:

Xin-Yi Zhou
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
vzhou@omm.com

Patric Reinbold
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
preinbold@omm.com

Dated: August 14, 2024

Robert W. Whetzel (#2288)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
whetzel@rlf.com
rawnsley@rlf.com

*Attorneys for Defendant Disney Media & Entertainment Distribution LLC*

Dependent claim 11 of the '725 Patent fails the *Alice* test for the same reason as independent claim 1—it uses ordinary computers to perform ordinary business tasks.

*Alice* **Step 1:**  Claim 11 requires the automatic collection and reporting of "sales and marketing data."  D.I. 20-1, 17:33-38.[1]  The '725 Patent admits that "collecting and tracking sales data for royalties and further marketing programs" was a common practice in the film industry.  *Id.*, 1:58-62.  Thus, claim 11 is directed to an abstract idea because it automates this common business practice in the context of organizing, distributing, and marketing media.  *See GeoComply Sols. Inc. v. Xpoint Servs. LLC*, 2023 WL 1927393, at *4 (D. Del. Feb. 10, 2023) ("[T]he courts have identified fundamental economic and business practices as abstract ideas.").

*Alice* **Step 2:**  Using computers to automate data collection and reporting does not qualify as an inventive concept.  In *Elec. Power Grp., LLC v. Alstom S.A.*, the Federal Circuit found that using generic computers "for performing the claimed functions of gathering, analyzing, and displaying in real time" electric power grid data "do[es] not state an arguably inventive concept."  830 F.3d 1350, 1356 (Fed. Cir. 2016).  Similarly, using computers to automatically collect and provide sales and marketing data for media content does not qualify either.  Moreover, the '725 Patent is silent on "how the desired result is achieved": claim 11 "do[es] not require any nonconventional computer, network, or display components," and it instead simply claims the functions of automated data collection and reporting without tying it to a specific computer implementation.  *Id.* at 1355.  Thus, claim 11 is invalid because it takes a preexisting business practice and simply "add[s] the words 'apply it with a computer.'"  *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 223 (2014).

---

[1] Claim 11 depends on claim 1 and further requires "automatically collecting sales information from exhibitor recipients of various items of said multimedia material and providing sales and marketing data, specific to said items of multimedia material, to exhibitors based upon information from said exhibitors."  D.I. 20-1, 17:33-38.

| | |
|---|---|
| OF COUNSEL:<br><br>Xin-Yi Zhou<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>(213) 430-6000<br>vzhou@omm.com<br><br>Patric Reinbold<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC 20006<br>(202) 383-5300<br>preinbold@omm.com<br><br>Dated:  August 14, 2024 | /s/ Jason J. Rawnsley<br>Robert W. Whetzel (#2288)<br>Jason J. Rawnsley (#5379)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>whetzel@rlf.com<br>rawnsley@rlf.com<br><br>*Attorneys for Defendant Disney Media & Entertainment Distribution LLC* |