

August 14, 2024

*Via CM/ECF*

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
Unit 28, Room 2325
844 North King Street
Wilmington, DE 19801-3555

Re:   *Digital Media Technology Holdings, LLC v. Disney Media & Entertainment Distribution LLC*, C.A. No. 22-1642-CJB

Dear Judge Burke:

Pursuant to ¶ 14 of the Scheduling Order in this matter (D.I. 34), I write jointly on behalf of Plaintiff Digital Media Technology Holdings, LLC ("Plaintiff" or "DMTH") and Defendant Disney Media & Entertainment Distribution LLC ("Defendant" or "DMED") (collectively, "the parties").  Today, the parties file the Joint Claim Construction Brief in preparation for the hearing on claim construction currently scheduled for 11:00 am on Wednesday, September 4, 2024.

With respect to the outstanding issues in ¶ 14, the parties agree to the following:

1. **Testimony:** The parties have not relied on witness testimony and do not seek to present testimony at the hearing.

2. **Time:** The parties request 90 minutes for the claim construction hearing.

The parties disagree regarding the order in which they intend to present the claim terms at issue, including which side will present first for each term. Each party's position is stated below.

**<u>Plaintiff's Proposal</u>**

3. **Order of presentation:** Plaintiff requests to present the claim terms at issue in the order in which they appear in the Joint Claim Construction Brief, which is the same order in which Defendant identified them for construction during the exchanges leading up to the parties' submission of the Joint Claim Construction Chart, D.I. 52, with Plaintiff presenting first on each term to be construed.  Contrary to Defendant's statement below, Plaintiff has proposed constructions for all claim terms in dispute, and the parties' claim construction briefing does not characterize any of the disputed terms as having more or less importance than any others.

**Defendant's Proposal**

3. **Order of presentation:** Defendant requests to present first on the terms to be construed because Defendant identified each of the terms for construction and offered affirmative constructions or indefiniteness arguments, whereas Plaintiff takes the position that the terms require no construction or are not indefinite. Defendant further requests to present the claim terms in the order below to account for the relative importance of the terms that Defendant identified for construction.

   a. "said purchasers storing …" / "said purchasers downloading …" / "said purchasers storing …"

   b. "correlated information"

   c. "said purchasers"

   d. "automatically collecting sales information from exhibitor recipients …"

   e. "wherein the exhibition of multimedia material …"

Counsel is available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

*/s/ Daniel A. Taylor*

Daniel A. Taylor (No. 6934)

cc:   Counsel of record (via CM/ECF and email)