

September 5, 2024

*Via CM/ECF*

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
Unit 28, Room 2325
844 North King Street
Wilmington, DE 19801-3555

Re:   *Digital Media Technology Holdings, LLC v. Disney Media & Entertainment Distribution LLC*, C.A. No. 22-1642-CJB

Dear Judge Burke:

Pursuant to Your Honor's August 15, 2024 Oral Order (D.I. 65), I write jointly on behalf of Plaintiff Digital Media Technology Holdings, LLC ("Plaintiff" or "DMTH") and Defendant Disney Media & Entertainment Distribution LLC ("Defendant" or "DMED") (collectively, "the parties") on the subject of the Joint Claim Construction Chart.

The parties met and conferred via Zoom on August 26, 2024 for one hour. In attendance were the following individuals:

**For Digital Media Technology Holdings, LLC**

- John Carey, Carey Rodriguez LLP

- Daniel Taylor, Smith, Katzenstein & Jenkins LLP

**For Disney Media & Entertainment Distribution LLC**

- Xin-Yi ("Vincent") Zhou, O'Melveny & Myers LLP

- Patric Reinbold, O'Melveny & Myers LLP

- Jason Rawnsley, Richards, Layton & Finger, P.A.

The parties discussed the disputed claim terms found in the Joint Claim Construction Chart, (D.I. 52). The parties have not reached any agreement on any construction or narrowed the dispute as to any term. The parties identify below the disputes about the construction of each term to be argued.

1. "correlated information"

    The parties dispute whether the term requires claim construction, and if so, the parties have offered competing constructions that both use the word "associated" as part of their constructions, but the parties disagree as to the remaining portions of the constructions.

2. "said purchasers"

    The parties' only dispute as to this term is whether "said purchasers" is indefinite.

3. "said purchasers storing …" / "said purchasers downloading …" / "said purchasers storing …"

    The parties dispute whether these terms require claim construction, and if so, how they should be interpreted.  Plaintiff contends that "said purchasers storing" is part of the "downloading to said purchasers" step recited in limitation 1.e., and as such is part of the "downloading" step being performed "to purchasers" "from [the] server system"; "said purchasers downloading . . . / said purchasers storing" is part of the "providing said correlated information" step recited in limitation 1.f., and as such is part of the "providing" step being performed "to said purchasers from said server system over said communication network." Defendant contends that these limitations are active storing or downloading steps to be performed by "said purchasers," thus requiring "said purchasers perform the step of storing …," "said purchasers perform the step of downloading …," and "said purchasers perform the step of storing …."

4. "wherein the exhibition of multimedia material …" (Claim 5)

    The parties' only dispute as to this term is whether "wherein the exhibition of multimedia material …" is indefinite.

5. "automatically collecting sales information from exhibitor recipients" (Claim 11)

    The parties dispute whether the term requires claim construction, and if so, whether that construction should include "by the server system" as Plaintiff contends, or "without any manual intervention" as Defendant contends, and whether "sales data from exhibitor recipients" refers only to "box office receipts or television ratings from exhibitor recipients" as Defendant contends.

Counsel is available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

*/s/ Daniel A. Taylor*

Daniel A. Taylor (No. 6934)

cc: Counsel of record (via CM/ECF and email)